Please be seated. Thank you. Madam Clerk, please call the first case. 115-3479 Michael Gunderson v. Workers' Compensation Comm'n v. Warner Counsel, you may proceed. Good morning, Justice. Andrew Kregel? Andrew, that's why we have that up in front. Microphone? Microphone. Yes, please. Don't be shy. Yes, thank you. And then it's to record, the mic's to record. Yes. Thank you. Andrew Kregel here on behalf of the Plaintiff Appellant Michael Gunderson. This case involves a stationary engineer who sustained serious injuries when he fell from a ladder directly onto his left forearm. The Plaintiff Appellant sought immediate treatment. He underwent surgery. A hearing was had on his case. He subsequently filed a petition for benefits under 19H8A for additional disability. Due to the fact that after his initial arbitration hearing, he underwent two subsequent surgeries, including a fusion of the wrist joint. Counsel, I have a threshold question. How did you arrive at the conclusion that this is a de novo review? It sort of, the way I interpret Section AE of the Act is it speaks in specific losses. And there are cases that specifically the Beelman trucking case that says each subsection of the schedule of benefits allows for loss of each particular member. Well, this case, that issue was about the extent, the competing inferences regarding the extent of the claimant's disabilities, correct? Yes. So the dispute is about the extent of the disabilities. How could there be a de novo review? It's our contention that the medical evidence is clear that the claimant's disability shows he has lost use of his arm based on this 10-pound lifting restriction. That's clear and undisputed by counsel? Really? The medical records are clear. I don't believe counsel disputes that petitioner has a 10-pound lifting restriction. Well, that's a lifting restriction, but for what does it go to? Wrist or arm? It's on the left side. Okay. So why can't it be interpreted as being a restriction based upon the condition of his wrist as opposed to the condition of his arm? Well, that condition affects his entire left arm if he's only able to lift 10 pounds with that side. Well, it could be the same thing without the restriction. I mean, you know, whatever injury he has is an injury solely to his wrist. Let me ask you another way. Are any of the claimant's disabilities traceable to a specific injury to the arm? No, other than the fall on the forearm. Other than the wrist, right? The arm was not involved. No, Your Honor. Okay. But it's our contention that there is no dispute to the medical evidence. No dispute is to the nature and extent of the injury. The only medical opinions are from petitioners, treating doctors, and the subsequent independent medical examination, which agreed with the need for the fusion surgery, which petitioner did undergo. And this 10-pound lifting restrictions, he is now unable to use an ATM machine. He's unable to palm up and down. The commission specifically acknowledges that this injury affected petitioner's left arm in its decision on page 2, where they state, we note that the surgical procedures involved the left hand and wrist and not significantly the left arm. It's our contention that the commission acknowledges that these surgeries affected petitioner's left arm, but failed to make an award for the disability subsequently. And they completely disregard this 10-pound lifting restriction that's put in place. So your argument is the commission erred because, in your argument, the commission was supposed to give separate awards to the claimant. Yes. The two separate body parts, the left arm and the left hand. Yes. That's the gist of your argument. For each scheduled member, yes. Even though the only injury was to the wrist. Well, an injury to a wrist may affect your whole body sometimes. There are crushing injuries where patients have developed complex regional pain syndrome and end up in nursing homes and wheelchairs. And what's the nature of the award of that hypothetical? Well, that would be an award under, for a man as a whole. And that's what you're seeking to? We would be seeking either what is allowed under the Act, an award for each separately listed member in Section 80, or an award as under 80 for a man as a whole because this lifting restriction has affected petitioner's entire body as well. Let's talk about that for a second. In order to recover man as a whole benefits under 80-2, the claimant is required to prove he sustained injuries which partially incapacitate him from pursuing the duties of his usual and customary line of employment. Correct? Yes, Your Honor. That's the way the statute reads. So where's the evidence in support of that element? Didn't he voluntarily retire? Yes, he did, Your Honor. He retired with no restrictions. Correct? Yes, and subsequently he has a 10-pound lifting restriction. What evidence is there that he cannot perform the duties of a stationary engineer with a 10-pound lifting restriction? There is not evidence for that, Your Honor. So wouldn't that be then a failure of proof? I'm sorry? Wouldn't that then be a failure of proof on the part of the claimant? Well, yes, it's up to the commission how they would award this, whether it would be for each separately scheduled member or as man as a whole. So where did the – there has to be some proof, some evidence that Justice Hoffman is – and you agree. Yes, Your Honor. Justice Hoffman, there was none and you agree. So how does it get man as a whole then? Because of this 10-pound lifting restriction he has now, Your Honor. He was retired when this restriction was put into place. Okay. And once again, I think Justice Hoffman's question is so. Where does that disable him under the Act here from pursuing the duties of his usual and customary line of employment? I mean, is the commission supposed to pull that out of thin air? Or is the claimant supposed to present some evidence? The claimant would have to present that evidence, Your Honor. And there is none. Yes. And that's why our position is it should be either under 82 or each separately scheduled member under AE. I understand the argument of the separately scheduled member, whether we agree or not is a different issue. But you've tacitly conceded there doesn't seem to be required evidence on the element to give him the man as a whole. Yes, other than the fact that he went back to work for two days when he was in Arizona. After moving to Arizona, he obtained a job and he was unable to perform those job duties. We must say something. The claimant himself testified he voluntarily retired from the employment with the employee on October 26, 2009, correct? Yes, Your Honor. He never testified he had to leave his occupation because of a work injury. Yes, Your Honor. So where is this idea that he left because he couldn't do his job? He did not leave Weiss Memorial Hospital because he did not do his job. He voluntarily retired from Weiss Memorial Hospital. He subsequently moved to Arizona. He obtained a position in Arizona and he worked for two days and was unable to perform those job duties. So what happens after he retires is relevant to this man as a whole? If his disability increases, yes. But there was a warrant for an increase. Yes, there was. I don't think there are any more questions. Okay. Thank you, Your Honor. Thank you, Counsel. You'll have time on reply. Okay. Counsel, you may respond. Good morning, Your Honor. Good morning, Counsel. May it please the Court, Susan Walsh on behalf of Weiss Memorial Hospital. I think the justices outlined what's a very simple case. And you don't agree this is a de novo review, do you? I'm sorry? You don't agree this is a de novo review, do you? I do not. Okay. I believe the review is manifest light of the evidence. It's a factual issue. The commission unanimously found that it was an injury to the wrist. There is no evidence, as Counsel, I believe, has conceded, that there is any evidence of loss under Section 82 of the Act. Mr. Gunderson voluntarily retired when he was full duty and moved to Arizona to retire with his wife there. And you did not seek review of the increase, did you? I did not. Okay. I don't think there are any questions. Thank you. Thank you, Your Honor. Counsel, do you have any reply? Yes, sir. I would just like to bring up my position that this is de novo review as the proper standard. I believe opposing counsel in her brief states that the merits of this appeal arise under Section 8E and 19H of the Act. And that's an issue of statutory construction, which is always subject to de novo review, Your Honors. Okay. Very good. Thank you. Thank you, Counsel, both, for your arguments in this matter. It will be taken under advisement and written disposition for legislation.